**IN THE UNITED STATES DISTRICT COURT**
**DISTRICT OF SOUTH CAROLINA**
**CHARLESTON DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| for the use and benefit of | ) | |
| | ) | |
| MERCOM CORPORATION | ) | |
| | ) | |
| PLAINTIFF, | ) | |
| | ) | CIVIL ACTION |
| V. | ) | |
| | ) | FILE NO.  2:13-cv-3550-RMG |
| US&S, INC., RESERVE | ) | |
| ELECTRICAL SERVICES, LLC | ) | |
| and LIBERTY MUTUAL | ) | |
| INSURANCE COMPANY | ) | |
| | ) | |
| DEFENDANTS. | ) | |
| | ) | |

**COMPLAINT**

COMES NOW Plaintiff, United States of America for the use and benefit of Mercom Corporation, which brings this action, and shows unto this Honorable Court the following:

**ALLEGATIONS COMMON TO ALL COUNTS**

1.

This claim is brought in the name of the United States of America for the use and benefit of Mercom Corporation pursuant to 40 U.S.C. § 3133(b)(3)(A) and by Mercom Corporation in its own right to recover amounts due it pursuant to a contract and a Miller Act payment bond.

2.

Mercom Corporation, (hereinafter referred to as "Plaintiff") is a corporation organized and existing under the laws of Delaware doing business at all relevant times in Charleston County, South Carolina.

3.

Defendant, US&S, Inc., (hereinafter referred to as "General Contractor") is, upon information

and belief, a corporation organized and existing under the laws of the State of South Carolina, doing business at all relevant times in Charleston County, South Carolina. Having contracted to perform and having performed certain work in Charleston County, South Carolina, General Contractor is subject to the jurisdiction of this Court.

4.

Defendant, Reserve Electrical Services, LLC, (hereinafter referred to as "Sub-Contractor") is, upon information and belief, a limited liability company organized and existing under the laws of the State of South Carolina, doing business at all relevant times in Charleston County, South Carolina. Having contracted to perform and having performed certain work in Charleston County, South Carolina, Sub-Contractor is subject to the jurisdiction of this Court.

5.

Defendant, Liberty Mutual Insurance Company, (hereinafter referred to as "Surety") is an insurance and surety company registered with the South Carolina Insurance Commission and is subject to the jurisdiction of this Court.

6.

Jurisdiction of this cause of action is conferred by 28 U.S.C. Section 1331 and 40 U.S.C. Section 270(b) because the matter arises under the Miller Act, a law of the United States. Upon information and belief, the Plaintiff states that the contract upon which this action is based was performed and executed within the territorial limits of the District of South Carolina, Charleston Division, where the Government Project in question was located, and venue of this action is proper pursuant to 40 U.S.C. Section 270(b). This Court has supplemental jurisdiction over the remaining claims alleged herein pursuant to 28 U.S.C. § 1367.

7.

The United States of America, acting by and through the United States Department of the

State, (hereinafter referred to as "Owner") entered into a written contract with General Contractor, whereby General Contractor agreed to furnish certain labor and materials and to the renovations to Building 644 HR State Department-U.S. Department of State, pursuant to Contract No. W912HP-11-C-0003, located at 1999 Dyess Avenue, North Charleston, SC 29405, (hereinafter referred to as "Project").

8.

General Contractor, as "principal", and Defendant, Surety, as "surety", duly executed a labor and materials payment bond (hereinafter referred to as the "Payment Bond") whereby General Contractor and Surety bound themselves jointly and severally for the use and benefit of all persons supplying labor and materials for the construction and completion of the Project.

9.

General Contractor and Sub-Contractor entered into an agreement whereby Sub-Contractor agreed to supply certain labor, materials, and equipment and General Contractor agreed to purchase said labor, materials, and equipment, which were part of the total work required of General Contractor under its contract with Owner for the Project.

10.

Sub-Contractor and Plaintiff entered into an agreement whereby the Plaintiff agreed to supply certain labor, materials, and equipment and Sub-Contractor agreed to purchase said labor, materials, and equipment, which were part of the total work required of General Contractor under its contract with Owner for the Project.

11.

Plaintiff supplied labor and materials to the Project in full performance of its obligations under its contract with Sub-Contractor, which materials, equipment and labor were received by General Contractor and incorporated into the Project.

12.

Sub-Contractor has failed to pay Plaintiff for the labor, materials, and equipment supplied to Sub-Contractor, which were incorporated into the Project, and there is now due and owing from Sub-Contractor to Plaintiff the amount of $64,914.90 Dollars, plus interest at the pre-judgment rate thereon plus recoverable attorney's fees.

**CLAIMS FOR RELIEF**
(COUNTS I THROUGH V)

**COUNT I**
(BREACH OF CONTRACT)
(As to Defendant Sub-Contractor)

13.

Plaintiff adopts and incorporates herein by reference the allegations of the above Paragraphs as though fully set forth herein.

14.

Owner and General Contractor entered into a contract, whereby General Contractor was to perform certain work on the Project.

15.

General Contractor and Sub-Contractor entered into a contract, whereby Sub-Contractor was to perform certain work on the Project, which were part of the total work required of General Contractor under its contract with Owner.

16.

Plaintiff and Sub-Contractor entered into an agreement whereby Plaintiff agreed to supply certain labor, materials, and equipment on the Project, and Sub-Contractor agreed to purchase said labor, materials, and equipment, which were part of the total work required of General Contractor under its contract with Owner.

17.

Plaintiff supplied labor and materials to the Project in full performance of its obligations under its agreement with Sub-Contractor, which materials, equipment and labor were received by Sub-Contractor and incorporated into the Project.

18.

Plaintiff thereafter requested payment in the amount of $64,914.90, plus pre-judgment interest from the date said sum first became due, which remains due and owing to the Plaintiff pursuant to the terms of its agreement with Sub-Contractor, which the Sub-Contractor has failed and refused to pay.

19.

Despite Plaintiff's repeated efforts to secure payment, Sub-Contractor has wrongfully refused to tender the full amount due under its agreement with Plaintiff.  Such refusal constitutes a material breach of the agreement.

20.

As a direct result of this wrongful breach of the agreement by Sub-Contractor, Plaintiff has been damaged.

21.

All conditions precedent to Plaintiff's entitlement to compensation for such damages have been performed, have occurred, or have been waived or excused by the conduct of Sub-Contractor, and Plaintiff has not breached or otherwise waived its right to said compensation under the terms of its agreement with Sub-Contractor, and such compensation is not subject to set off for any reason.

**COUNT II**
(QUANTUM MERUIT)
(As to Defendants Contractor and Sub-Contractor)

22.

Plaintiff adopts and incorporates herein by reference the allegations of above paragraphs as though fully set forth herein.

23.

At the request and direction of Sub-Contractor and/or with knowledge, consent, or acquiescence of Sub-Contractor and General Contractor, Plaintiff supplied labor, equipment, and materials in connection with the completion of the total work required of Sub-Contractor on the Project.

24.

The supplying of such labor, equipment, and materials by Plaintiff inured to the benefit of and conferred substantial value upon Sub-Contractor and General Contractor, because such labor, materials and equipment were necessary for the full and proper completion of the General Contractor's obligations to the Owner with respect to the Project.

25.

Sub-Contractor and General Contractor accepted and incorporated said labor, equipment, and materials into the project with full knowledge Plaintiff provided the same with the expectation that it would receive reasonable and fair compensation for such benefits conferred.

26.

The reasonable value still owed to Plaintiff for supplying the required labor, materials, and equipment for which it has not yet received payment from Sub-Contractor is, upon information and belief, the amount of $64,914.90, plus pre-judgment interest thereon from the date said sum first became due.

27.

Plaintiff, has made repeated demands upon Sub-Contractor for such compensation for the

reasonable value owed to it for supplying the labor, materials, and equipment, but Sub-Contractor has failed and refused to remit said payment.

28.

All conditions precedent to Plaintiff's entitlement to compensation for such damages have been performed, have occurred, or have been waived or excused by Defendant, Sub-Contractor, and Plaintiff has not breached or otherwise waived its right to said compensation, and such compensation is not subject to set off for any reason.

**COUNT III**
(BOND CLAIM)
(As to Defendants Contractor and Surety)

29.

Plaintiff adopts and incorporates herein by reference the allegations of the above paragraphs, setting forth alternative claims for relief, as though fully set forth herein.

30.

As a supplier of labor, materials, and equipment for use and incorporation into the Project, Plaintiff is entitled to protection and coverage as a claimant under the Payment Bond issued by Surety and the General Contractor, as principal.

31.

By reason of the nonpayment to Plaintiff for amounts due for work performed in supplying the labor, materials, and equipment, the General Contractor, as principal, and Surety are jointly and severally liable to Plaintiff in the amount of $64,914.90, plus pre-judgment interest thereon from the date said sum first became due.

32.

All conditions precedent to Plaintiff's entitlement to compensation for such amounts under the Payment Bond have been performed, have occurred, or have been waived or excused by the

conduct of General Contractor and Surety, and Plaintiff has not breached or otherwise waived its right to said compensation, and such compensation is not subject to set off for any reason.

33.

Upon information and belief, the Surety issued a labor and material payment bond naming the General Contractor as principal and guaranteeing performance and payment of all obligations under any contract or sub-contract associated with the aforesaid Project, and upon further information and belief, and by the terms of said bond, the Surety and General Contractor are jointly and severally obligated to pay to Plaintiff the amount stated above, plus pre-judgment interest thereon from the date said sum first became due.

34.

Plaintiff is a claimant as defined by the terms of the subject bond and the Miller Act.

35.

Plaintiff, as a claimant, gave notice of its claim to the principal, owner or surety within ninety (90) days after the last day it furnished labor or materials to the project in accordance with 40 U.S.C. § 3133(b)(2).

36.

This suit was filed and served upon the Defendants named herein within one (1) year of the last date the Plaintiff furnished labor, material, or equipment to the project.

**COUNT IV**
(FAILURE TO INVESTIGATE AND PAY)
(As to All Defendants)

37.

Plaintiff adopts and incorporates herein by reference the allegations of the above paragraphs, setting forth alternative claims for relief, as though fully set forth herein.

38.

Plaintiff, as a claimant, gave notice of its claim to the Sub-Contractor and General Contractor.

39.

The Defendants have failed to make a fair and reasonable investigation of the merits of the Plaintiff's claim, and have further failed to pay the monies due or a portion thereof within forty-five (45) days of being notified of Plaintiff's claim as required by South Carolina Code Annotated Section 27-1-15, and, therefore, the Defendants are liable to the Plaintiff for their attorney's fees as well as interest as provided by law from the dates they were first notified.

**COUNT V**
(DECLARATORY JUDGMENT)
(As to Defendant Sub-Contractor)

40.

Plaintiff adopts and incorporates herein by reference the allegations of the above paragraphs, setting forth alternative claims for relief, as though fully set forth herein.

41.

Plaintiff brings this claim pursuant to, *inter alia*, the applicable provisions of the South Carolina Declaratory Judgment Act, S.C. Code Ann. §§ 15-53-10, *et seq.*, as amended, to determine, among other things, that Plaintiff has fully and completely performed the work required of it in accordance with the terms of its agreement with Sub-Contractor.

42.

A real, actual and justiciable controversy exists as between Plaintiff and the Defendants, as alleged herein, in that there is a question as to whether Plaintiff fully and properly performed the work required under its agreement with Sub-Contractor.

43.

All parties who have or may claim an interest in and to the controversies before this Court have been named above as parties to this action.

44.

Plaintiff seeks and upon information and belief is entitled to a judgment from this Court declaring that it has fully performed the work required of it under its agreement with Sub-Contractor.

WHEREFORE, Plaintiff, prays as follows:

(a)    That process issue as provided by law; and

(b)    That Plaintiff have a judgment against Sub-Contractor, in the amount of $64,914.90 Dollars on Counts I and II, plus pre-judgment interest thereon as provided by law from the date said monies became due; and

(c)    That Plaintiff have judgment against the Contractor and Surety in the amount of $64,914.90 Dollars on Count III, plus pre-judgment interest thereon as provided by law from the date said monies became due; and

(d)    That Plaintiff have judgment against the Sub-Contractor, Contractor and Surety in the amount of $64,914.90 Dollars on Count IV, plus pre-judgment interest thereon from the date said monies became due and recoverable attorney's fees as provided by S.C. Code Ann. 27-1-15; and

(e)    That Plaintiff have judgment entered as to Count V declaring that it has fully and completely performed the work required of it under its agreement with Sub-Contractor;

(f)    For the cost and disbursements of this action;

(g)    That Plaintiff, have such other and further relief to which it may be entitled.

Respectfully submitted,

THURMOND KIRCHNER TIMBES & YELVERTON, P.A.


By: /s/ Michael A. Timbes
    MICHAEL A. TIMBES (Fed ID# 9951)
    DAVID BARNES (Fed ID# 9731)

    Attorneys for Plaintiff
    15 Middle Atlantic Wharf, Suite 101
    Charleston, South Carolina 29401
    Phone: 843-937-8000
    Fax: 843-937-4200
    Email: mtimbes@tktylawfirm.com
           dbarnes@tktylawfirm.com

Charleston, SC
December 20, 2013